# United States District Court
# District of Massachusetts

YONG LI,
    Plaintiff,

v.                                                      CIVIL ACTION NO. 2011-cv-11557-NMG

JEFFREY C. HUFFMAN, M.D.,
RENEE M. SORRENTINO, M.D.,
MARINA V. YAROSHENKO, M.D.,
MASSACHUSETTS GENERAL HOSPITAL,
    Defendants.

## *REPORT AND RECOMMENDATION ON MOTIONS ## 4, 9, 12, 15 & 27*

January 3, 2012

COLLINGS, U.S.M.J.

      The original complaint (#1) was filed on September 6, 2011. Motions ## 4, 9, 12 and 15 are motions to dismiss the original complaint. Motion # 4 was filed by Dr. Sorrentino on October 26, 2011, Motion # 9 was filed by Massachusetts General Hospital on November 3, 2011, and Motions ## 12 and 15 were filed by Drs. Yaroshenko and Huffman respectively on November 4,

1

2011. On November 16, 2011, the plaintiff filed a motion to file an amended complaint (#24) against all four defendants which was granted by Judge Gorton after no opposition was filed. The amended complaint was docketed on December 1, 2011 (#25). Thereafter, the only pleading filed by the defendants was an answer by defendant Massachusetts General Hospital. (#26) None of the other defendants filed any pleading in response to the amended complaint.

On December 23, 2011, the plaintiff, confused by the record at this point, filed a Motion for Clarification (#27). After the case was referred to the undersigned, the Court issued an electronic order on December 30, 2011 asking the defendants to show cause "...in writing why the four motions to dismiss the original complaint should not be denied without prejudice and that defendants Huffman, Sorrentino and Yaroshenko be granted leave to respond to the amended complaint."

On the same date, counsel for the defendants filed an Affidavit (#28) explaining that he had relied on the advice of a Courtroom Deputy Clerk that since the amended complaint did not change the claims against Drs. Huffman, Sorrentino and Yaroshenko, he did not have to respond to the amended complaint and that the motions to dismiss filed by those defendants would

automatically apply to the amended complaint. He further explained that since the amended complaint changed the claims against the defendant Massachusetts General Hospital, he filed an answer but "...expressly incorporated the Motion to Dismiss that had previously been filed on its behalf with respect to Count III of Plaintiff's original Complaint." (#28 at 2) Indeed, the incorporation of the motion to dismiss Count III in Massachusetts General Hospital's answer to the amended complaint is explicit. *See* #26 (Seventh Defense) at 2-3.

The manner in which counsel for the defendants dealt with the amended complaint as to Massachusetts General Hospital was correct, and the motion to dismiss (#9), to the extent that a dismissal of Count III of the amended complaint is sought, remains outstanding and the plaintiff should be granted a period to time to respond to it. The problem is that the other defendants did nothing in response to the amended complaint.

In the First Circuit, once an amended complaint is filed, "...the earlier complaint is a dead letter and 'no longer performs any function in the case.'" *ConnectU LLC v. Zuckerberg,* 522 F.3d 82, 91 (1 Cir., 2008) quoting *Kolling v. Am. Power Conversion Corp.,* 347 F.3d 11, 16 (1 Cir., 2003). Accordingly, pleadings directed to the earlier complaint are a nullity. A defendant must file

a pleading in response to the amended complaint, whether it be a motion to permit the original motion to dismiss to be applied to the amended complaint, or refiled motions to dismiss directed at the amended complaint, or, as was done with Massachusetts General Hospital, an answer which incorporated a portion of an earlier motion to dismiss.

In short, a defendant cannot simply do nothing when an amended complaint is filed and assume that pleadings directed to the original complaint will automatically be made applicable to the amended complaint. If the Courtroom Deputy Clerk gave that advice, it was erroneous.[1]

Be that as it may, in these circumstances, the Court does not intend to recommend any action which will prejudice the three defendants who did not respond. Rather the Court shall recommend that the plaintiff's motion for clarification be allowed, the defendant Massachusetts General Hospital's motion to dismiss be denied as to Counts II, IV and V and deemed to apply to the amended complaint as to Count III and that the defendants Huffman, Sorrentino and Yaroshenko be granted leave to file new motions to dismiss in

---

[1] While Courtroom Deputy Clerks can give helpful information, they are usually not attorneys. They should not be providing legal advice and counsel should not rely on them on questions of what the law requires without doing their own legal research to verify that the Clerk's statements accurately reflect the state of the law.

response to the amended complaint.

## RECOMMENDATION

I RECOMMEND the following:

(1) That the Motion of Defendant, Massachusetts General Hospital, to Dismiss Counts II through V of Plaintiff, Yong Li's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (#9) be DENIED as to Counts II, IV and V, that said motion be deemed to seek dismissal of Count III of the amended complaint, and that the plaintiff be granted fourteen (14) days from the date the District Judge acts on this recommendation to file a response/opposition to the motion to dismiss Count III of the amended complaint.

(2) That the motions to dismiss of defendants Huffman, Sorrentino and Yaroshenko (## 4, 12 & 15) be DENIED without prejudice as moot, that those defendants be granted fourteen (14) days after the District Judge acts on this recommendation to file motions to dismiss the claims against them in the amended complaint, and that the plaintiff be granted fourteen (14) days after those motions are filed to file a response/opposition to them.

(3) That plaintiff's motion for clarification (#27) be allowed to the extent that adoption of recommendations ##1 and 2 will clarify the matter.

## *REVIEW BY THE DISTRICT JUDGE*

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge